UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEMETRICE JOHNSON,

    Petitioner,

v.                                              Case No. 2:10-cv-70
                                              HON. ROBERT HOMES BELL

JEFFREY WOODS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Demetrice Johnson filed this petition for writ of habeas corpus challenging his conviction for felonious assault, intentional discharge of a firearm from a motor vehicle, felon in possession of a firearm, and felony firearm. Petitioner was found guilty after a bench trial. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision.

Petitioner raises the following claims in his petition:

I. A conviction obtained in violation of *People v. Cornell*, 456 Mich 335, as recognized by the Court of Appeals in this case may not be used as a constitutionally valid basis to sustain a subsequent conviction on associated charges arising out of the same conduct?

II. The Michigan Court of Appeals engaged in Constitutionally impermissible misapplication of law requiring reversal, where it vacated appellant's bench trial conviction of felonious assault, but affirmed the felony firearm, discharge of a weapon from a motor vehicle and felon in possession of a firearm conviction?

> III. The trial court abused its discretion and denied appellant due process of law by finding appellant guilty of felony discharge of a weapon from a vehicle, where the people failed to prove beyond a reasonable doubt that appellant intended to danger the safety of the complainant and where the trial court made no findings that petitioner possessed the requisite intent to sustain such conviction?
>
> IV. Appellant counsel was constitutionally ineffective for not raising an insufficient evidence claim in regards to the discharge of a weapon from a motor vehicle conviction where the people failed to prove appellant intended to endanger complainant and the trial court did not find that petitioner intended to murder or otherwise harm complainant?
>
> V. The due process clauses of the United States Constitution requires resentencing, where the court enhanced appellant's sentence based on facts neither admitted by Mr. Johnson nor proven beyond a reasonable doubt US Cons. Am. VI, XIV?

Respondent argues that petitioner never presented claim III, that there existed insufficient evidence to convict him of the crime, to the Michigan Court of Appeals. Respondent argues that the petition should be dismissed without prejudice for petitioner's failure to exhaust this claim. Petitioner asserts that it was his counsel's failure to present the claim to the Michigan Court of Appeals and, therefore, the court should waive the exhaustion requirement or find that there exists cause and prejudice for counsel's failure to present this claim. Alternatively, petitioner requests that the court stay the petition so that he can return to the Michigan Courts and present this claim in a motion for relief from judgment.

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's

constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Applying *Castille*, the Sixth Circuit holds that a habeas petitioner does not comply with the exhaustion requirement when he fails to raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's highest court. *See Dunbar v. Pitcher*, No. 98-2068, 2000 WL 179026, at *1 (6th Cir. Feb. 9, 2000); *Miller v. Parker*, No. 99-5007, 1999 WL 1282436, at *2 (Dec. 27, 1999); *Troutman v. Turner*, No. 95-3597, 1995 WL 728182, at *2 (6th Cir. Dec. 7, 1995); *accord Parkhurst v. Shillinger*, 128 F.3d 1366, 1368-70 (10th Cir. 1997); *Ellman v. Davis*, 42 F.3d 144, 148 (2d Cir. 1994); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 669 (7th Cir. 1990). Unless the state supreme court actually grants leave to appeal and reviews the issue, it remains unexhausted in the state courts. Petitioner's application for leave to appeal was denied, and, thus, the issue was not reviewed.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner cannot blame counsel for his failure to raise his insufficient evidence

claim because the issue has not been procedurally defaulted at this time. Petitioner still has the opportunity to present this claim in a motion for relief from judgment in the state courts.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under M.C.R. 6.500 *et. seq*. Under Michigan law, one such motion may be filed after August 1, 1995. M.C.R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy. Because Petitioner has some claims that are exhausted and some that are not, his application must be dismissed as a mixed petition. *Rose v. Lundy*, 455 U.S. 509 (1982).

Petitioner requests that this court stay his petition to allow him to go back to file his unexhausted claim in the Michigan courts. Petitioner has not shown that he has a pending motion for relief from judgment in the state courts, or that he is likely to succeed on the merits of that claim. In the opinion of the undersigned, the petition should not be stayed.

Accordingly, it is recommended that court dismiss petitioner's habeas corpus application without prejudice.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

The undersigned recommends that the court deny Petitioner's application on procedural grounds of failure to exhaust each claim presented. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The undersigned concludes that reasonable jurists could not debate that each of petitioner's claims were fairly presented in the state courts. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

           /s/ Timothy P. Greeley
           TIMOTHY P. GREELEY
           UNITED STATES MAGISTRATE JUDGE

Dated:   June 24, 2011